# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1587

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Mandi L. Smiley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 30, 2004
Filed: July 5, 2005

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mandi Smiley (Smiley) appeals the sentence imposed by the district court[1] after she pled guilty to conspiring to possess pseudoephedrine, knowing or having reasonable cause to know it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 846. For reversal, Smiley argues the district court erred in finding her responsible for a drug quantity that included pseudoephedrine purchased by her codefendants. She also argues the drug-quantity finding violated her Sixth

_____

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Amendment rights, because the amount was determined by the district court after a contested hearing.

A defendant is accountable for all of the reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity. See U.S.S.G. § 1B1.3(a)(1)(B) & comment. (n.2). At sentencing, testimony was received concerning the efforts of Smiley and her codefendants to buy pseudoephedrine at various drug stores. The testimony shows Smiley and her codefendants traveled together and coordinated their movements for the common purpose of obtaining pseudoephedrine, and each was aware of the other's activities. In fact, they coordinated their movements, so as not to appear suspicious, by entering the stores and returning to the car separately. In these circumstances, we conclude the district court did not clearly err in holding Smiley responsible not only for the pseudoephedrine she personally purchased, but also for the pseudoephedrine purchased by her codefendants as part of their jointly undertaken criminal activity. See United States v. Alexander, No. 04-1537, 2005 WL 1309074, at *4 (8th Cir. June 3, 2005) (standard of review).

As to the Sixth Amendment challenge, while Smiley objected at sentencing that she should be held responsible only for the pseudoephedrine she purchased, this objection was insufficient to preserve a claim of error under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc) (objection to sufficiency of proof alone does not preserve Booker error; defendant can preserve error by referencing Blakely v. Washington, 124 S. Ct. 2531 (2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), or by arguing that Sentencing Guidelines are unconstitutional). Thus, we review for plain error, and conclude Smiley has not shown a "reasonable probability" she would have received a lesser sentence but for the Booker error. See id. at 550, 552.

Accordingly, we affirm.

_____